JESSE GIBSON v. DANIAL P. IRBY, GUARDIAN.

See this case as to the statement of the amount in a promissory note in figures. A promise, made subsequent to the making of a note, to extend the time for payment, on condition that the debtor would then promptly pay the amount of the note and interest, is without consideration and void.

In an action against a guardian of a minor, on a note signed by him in his representative capacity, the proper judgment is that the plaintiff have execution, and not that the judgment be paid in due course of administration.

Error from Cherokee. Tried below before the Hon. John H. Reagan.

The petition charged the defendant as guardian, and the judgment was against him as guardian, but concluded with the words "for which let execution issue," without saying of whose property to be levied.

*Donley & Anderson*, for plaintiff in error.

*D. P. Irby*, for himself.

LIPSCOMB, J. This suit was brought on a promissory note, as follows, i. e. :

"Dec. 20th, 1855. One day after date I promise to pay to "Robert Green, or bearer, the sum of $805 37-100, for value "received.                    JESSE GIBSON,

. "Guardian of George W. Cannon."

The defendant filed a general exception to the sufficiency of the petition, and a plea that the payee of the note, Green, had promised at the time the note was given, that it was not to be paid until the next succeeding Fall, and that he, Green, alleged that he wished it so made, one day after date, for a set-

tlement ; that the note was assigned to plaintiff long after it became due. Before any notice of this plea was taken, the defendant amended his answer by alleging that subsequent to the making of the note, Green, the original payee, had promised him, defendant, that the note should not be due and payable until the defendant had time to gather his crop, on condition defendant would then promptly pay the money and interest. To this plea plaintiff excepted, among other grounds, that there was no sufficient consideration for the subsequent promise, and that plaintiff had no notice ; which exception was sustained. The first answer is believed to have been abandoned, as there was no action on it. The defendant's general exception was overruled by the Court ; a jury was waived by the parties, and the cause submitted to the Judge, who rendered judgment for the eight hundred and five dollars and thirty-seven cents with interest, and awarded execution. The appellant's first assignment of error is the overruling his exception to the plaintiff's petition.

There is nothing in the petition objectionable, unless it be that the amount of money is not set out in writing in the promissory note, but it is in figures, as shown in the statement above. This should have been matter of special exception, and the attention of the Court and party directed to it specially ; nor has the appellant, in his brief, called the attention of the Court to this supposed defect, nor any ground in support of his general exception.

The second error assigned is the sustaining plaintiff's exception to his amended answer. In this we believe the Court did not err. There is no consideration for the promise, changing the time of payment, sufficient in law, and it presented no defence to the suit.

The last error assigned is in awarding execution. Appellant contends that the judgment should have been certified to the Probate Court, to be settled in the due course of the guardian's administration of the assets of his ward. This ob-

jection is not believed to be well taken. The addition of guardian to his name was matter of description, and the note, when paid, might have been used by the defendant in a settlement of his trust as guardian, and, in that view, it was convenient to show the object of the note, but he nevertheless made himself bound for the payment of the note. The judgment is affirmed.

Judgment affirmed.