THOMAS ROYAL, *et al.*, v. ANNIE L. LINDSAY.

1. EXTENDING DAY OF PAYMENT ON NOTES; *Contract; Consideration.* When after the maturing of a note running one year, and bearing interest at the rate of twelve per cent. per annum until paid, the payee agrees to extend the note for another year upon the promise of the payor to pay interest at the rate of fifteen per cent. per annum, payable monthly, *held,* that such promise was sufficient consideration to sustain the agreement.

2. ———— *Payment on Amount Due, not Sufficient.* A payment of a part of an amount due is not sufficient consideration to sustain an agreement to extend the time of payment of the residue.

*Error from Sedgwick District Court.*

A SINGLE question is presented and decided in this case, as to which the facts and proceedings fully appear in the opinion. The district court, at the June Term 1874, gave judgment in favor of *Lindsay*, against *Royal* and wife, and another, defendants. The defendants bring the case here for review.

*John Guthrie,* and *Geo. S. Brown,* for plaintiffs in error:

The answer clearly sets up a valid agreement for an extension for one year of the time for the payment of the note in

Royal v. Lindsay.

suit.  A payment of interest in advance, or an agreement to pay interest in a manner different from that provided for in the contract, or, after a note becomes due an agreement to pay interest for a definite time not provided for in the original contract, constitutes a sufficient consideration for an extension of time.  5 Kas. 483; 43 Ind. 163, 393; 10 N. H. 162, 318; 6 N. H. 504.  The court below certainly erred in refusing to admit the evidence offered by plaintiffs in error in support of their answer.

*J. M. Balderston*, for defendant in error:

The alleged oral agreement, to forbear, was a *nudum pactum*.  In paying the $150, Royal did no more than he was legally bound to do.  The debt was due, and undisputed.  The promise of Lindsay was without any benefit to her, and occasioned no loss to Royal. 2 Parsons on Notes, 528, and note *h;* 28 Barb. 96.  Payment of part of a debt, is not a consideration which will support a promise to forbear to sue or press the collection of the balance.  12 Iowa, 336; 12 Johns. 426.

It is difficult to determine which clause of his second fense plaintiff in error relies upon to show payment of interest in advance.  In neither does he claim that interest was in fact paid in advance, as it appears by the modified agreement they treat the payment of the $150 as a payment on the note; and on the 24th of February he claims to pay $18, the interest on $1,000 for one month to that date at the rate of fifteen per cent. per annum.  This amount was paid as interest already earned, not for the use of money for a future time, as they now claim.

The opinion of the court was delivered by

BREWER, J.: This was an action brought by defendant in error to foreclose a note and mortgage.  The answer alleged an agreement to extend the time of payment of the note, and that under such agreement the note was not yet due.  Upon the trial the district court excluded all testimony under

the answer; so the only question now is, whether the answer set up a valid agreement for the extension of time of payment. It unquestionably alleges an agreement on the part of the payee to extend. Does it disclose a consideration for such agreement, or does it appear as a mere *nudum pactum?* The note sued upon was dated January 20th 1873, was for $1,030, and drew interest from date until paid at 12 per cent. per annum. The answer, after alleging that the agreement on the part of the payee to extend was made on the 23d of January 1874, the day of the maturity of the note, alleges the payment in pursuance of the agreement of $150, "which was indorsed on said note, and that said sum was paid as the consideration for the forbearance and extending the time of payment of said note." The copy of the note attached to the petition shows this indorsement, "Rec'd on the within $150, interest to date—Jan. 23d 1874." It seems clear, that all that is intended by this allegation is, that a payment of $150 was made, which was understood by both parties as a payment on the note, and so indorsed, and that as such payment it was claimed as sufficient consideration for the promise to extend. That this is not the law, is abundantly established. A payment of that which is already due, is no consideration for a new promise by the payee. But the answer goes further, and alleges that this agreement for extension "was modified on the 24th of February 1874 by the said Thomas Royal agreeing to pay the interest on said sum of money each month to the said plaintiff at the rate of fifteen per cent. per annum; that as a part performance of said modified agreement, said Royal paid the said plaintiff the sum of $18." As under the law then in force respecting interest, (Laws of 1872, page 284,) only twelve per cent. could be recovered, and any payment in excess of that per cent. was to be taken as a payment of the principal, and as by its terms this note drew interest until paid at the rate of twelve per cent. per annum, it does not seem that the promise to pay fifteen per cent. presented any new consideration—though it was said by the court in *Bank v. Woodward,* 5 N. H. 99, that a

promise to give day of payment, founded upon a usurious consideration is certainly not void." To the same effect are *Kelley v. Gillaspie,* 12 Iowa, 55; *Corielle v. Allen,* 13 Iowa, 289. But *contra,* see *Payne v. Powell,* 14 Texas, 600. There remains therefore the single fact, that the payor, in consideration of the extension, promised to pay interest and promised to pay it in a manner different from that prescribed in the note, *i. e.,* monthly instead of annually. That a promise to pay interest for a definite period of time, is a sufficient consideration for an agreement to extend for a like period the day of payment, is affirmed by these authorities: *Wheat v. Kendall,* 6 N. H. 504; *Bailey v. Adams,* 10 N. H. 162; *Chute v. Pattee,* 37 Maine, 102; *McComb v. Kittridge,* 14 Ohio, 348; 2 Am. Leading Cases, 5th ed., 469. It is denied, in *Reynolds v. Ward,* 5 Wend. 502; *Kellogg v. Olmsted,* 25 N. Y. 189; *Parmalle v. Thompson,* 45 N. Y. 58; *Gibson v. Irby,* 17 Texas, 173; 2 Parsons on Notes and Bills, 528. It is perhaps not necessary that this question shall in this case be definitely decided, though we may say that the suggestions made in favor of the proposition by the court in the case from 14 Ohio, seem to us of great force. We prefer to rest our decision upon what seems less doubtful ground, viz., the promise to pay interest in a different manner from that prescribed in the note. The note calls for interest at the rate of twelve per cent per annum. True, it bears this rate after maturity, and until payment. And after maturity, in the absence of any new agreement, the note is due each day with the accumulation of interest to that day. But in the absence of such new agreement, there is no rest in the computation of interest except at the end of each year, while by the agreement there would be such rest every month. A promise to pay a greater interest, not usurious, would unquestionably be a sufficient consideration, and this for the reason that a higher and different obligation was assumed by the promisor. Upon the same principle, though perhaps not presenting so clear a case, we think the promise before us can be sustained as a sufficient consideration. This

is the assumption of a new, different, and slightly more onerous obligation. We think therefore the district court erred in its ruling, and the judgment must be reversed, and the case remanded for a new trial.

KINGMAN, C. J., concurs.