## Dare v. Hall et al.

PRINCIPAL AND SURETY.—*Promissory Note.*—*Agreement to Extend Time of Payment.*—*Consideration.*—To release a surety on account of an extension of time to the principal, the extension must have been, amongst other things, upon a new consideration; but the payment of interest already due upon a note does not constitute such new consideration.

SAME.—Neither an agreement to continue the payment of interest at the same rate as specified in the note, nor an agreement to thereafter pay interest at a reduced rate, creates any new consideration for the extension of time on a note overdue.

From the Franklin Circuit Court.

*F. Berry, H. Berry, W. H. Jones* and *J. R. McMahan*, for appellant.

*W. H. Bracken* and *S. S. Harrell*, for appellees.

NIBLACK, C. J.—This was an action by Smith Dare, the payee, against John Hall and John Heap, the makers of a promissory note dated December 1st, 1873, and payable twelve months thereafter, for one thousand three hundred and sixty-eight dollars, with ten per cent. interest from date, and attorney's fees in the event that suit should be instituted, and judgment taken upon it.

Hall made default.

Heap answered in two paragraphs:

1. Admitting the execution of the note, but averring that he executed the same only as the surety of his co-defendant Hall, which the plaintiff well knew; that, after

the note became due, that is to say on the 2d day of December, 1874, the plaintiff and the said Hall made an agreement to extend the time of the payment of said note for one year, in consideration that Hall would pay the interest then due on the note; that, in compliance with such agreement, which was a verbal one merely, Hall did on that day pay the interest due on such note, up to and on the 1st day of December, 1874, and the plaintiff thereupon did extend the time of such payment for one year; that such agreement for the extension of time on the note was without the knowledge or consent of him, the said Heap. Wherefore he claimed that the plaintiff ought not to recover against him.

2. Admitting the execution of the note, and alleging an unauthorized extension of the time of its payment, as in the first paragraph, except that it was averred that the extension was in consideration of an agreement between the plaintiff and Hall, that the interest on the note should thereafter be reduced from ten to eight per cent. per annum, at which latter rate Hall paid interest on such note for one year.

The plaintiff demurred severally to both paragraphs of Heap's answer, but his demurrer was overruled as to both paragraphs.

Issue being joined, the court, without a jury, found in favor of Heap, and rendered judgment against Hall, for the amount due on the note, and in favor of Heap for his costs.

Dare has appealed, and assigned error upon the overruling of his demurrer to both paragraphs of Heap's answer.

To release a surety on account of an extension of time to the principal, the extension must have been, amongst other things, upon a new consideration. *Abel* v. *Alexander*, 45 Ind. 523. The payment of interest already due upon a note does not constitute a new consideration, within the

meaning of this rule. *Starret* v. *Burkhalter*, *ante*, p. 285. An agreement to continue the payment of interest at the same rate as that specified in the note does not constitute such a new consideration. *Abel* v. *Alexander*, *supra*. For a stronger reason, an agreement to thereafter pay interest at a reduced rate does not create any new consideration for the extension of time on a note overdue.

There is no averment in either paragraph of Heap's answer, that any interest was paid in advance, and, consequently, nothing in either showing any new consideration for the alleged extension of time on the note in suit. The demurrer ought, therefore, to have been sustained to both paragraphs.

The judgment, as to both the appellees, is reversed, with costs, and the cause is remanded for further proceedings.