25  379
68  336

HENRY PRATHER, et al., v. A. H. GAMMON, et al.

PRINCIPAL AND SURETY; *Extension of Time of Payment.* Where a promissory note upon which three persons are liable — one as principal debtor and the other two as sureties — is placed by the owner thereof in a bank for collection, and after the note has become due an agreement is made between the officers of the bank and the principal debtor that, in consideration of the sum of $40, to be paid to the officers of the bank, to be applied in part payment of the amount due on the note, and in consideration of the further sum of $1, to be paid to the officers of the bank for their time and trouble in doing the business, the time for the payment of said note should be extended for some months, and said sums are paid, and the time for the payment of the note is, in consideration thereof, extended in accordance with the said agreement, and said officers had authority from the owner of the note to extend the time for the payment thereof upon receiving a partial payment of the amount due thereon, but did not have authority to extend the time for such payment upon any other consideration whatever, and said extension of time of payment was without the knowledge or consent of the sureties, and the agreement to receive the said $1, and the reception thereof, was without the knowledge or consent of the owner of the note, *held*, that this extension of the time for payment of the note did not release the sureties.

### Error from Cherokee District Court.

ACTION brought by *Gammon* and another against *Prather* and two others, on a promissory note. Trial, and judgment for the plaintiffs, at the April Term, 1878, of the district court. The defendants *Prather* and *Sandusky* bring the case here. The opinion states the facts.

*Martin & Mileham,* for plaintiffs in error:

A surety will be discharged if a new agreement be made between the creditor and the principal debtor, as in this case, extending the time for the payment of a note.. (17 Johns. 384; 64 N. Y. 457.) It is wholly immaterial whether such extension has operated to the prejudice of the surety, or not. (18 Ala. 641; 51 Ga. 205. See also 50 Ind. 376; 51 id. 124; 55 id. 145; 35 Pa. St. 492; 23 .Miss. 559; 66 Barb. 268; 13 Allen, 72; 5 Kas. 483; 12 id. 500.)

*Ritter & Anderson,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by A. H. Gammon and William Deering, partners as Gammon & Deering, against George Busby, Henry Prather and H. W. Sandusky, on a certain promissory note. Busby and Prather were joint makers of the note, and Sandusky was a guarantor thereof, waiving demand, protest and notice. The note was dated January 6, 1875, and due October 1, 1875.

It is agreed by the parties that Busby was the principal debtor, and that Prather and Sandusky were only sureties.

Busby makes no defense to the note, but Prather and Sandusky set up the defense that they were only sureties, and that the holder of the note, for a valuable consideration, made a valid agreement with Busby to extend the time of payment of the note for some months, without the consent or knowledge of the sureties, and that he did so extend the time for the payment thereof. It is agreed by the parties that the time

for the payment of the note was in fact extended; but whether such extension was made upon a valid agreement, or any agreement, is not admitted by the holders of the note, and the evidence does not show that any such agreement was made. There is evidently, however, some mistake in the evidence with reference to dates; but even if we were to correct the dates, we still think that no valid agreement for the extension of the time of payment of the note was made. At the time the note became due, it was in the possession of Hobart & Doubleday, bankers at Columbus, Kansas. The testimony of William Busby, a son of the principal debtor on the note, shows that William Busby went to the bank of Hobart & Doubleday on the first day of February, 1877, and that "Mr. Doubleday then told him that if his father would pay $40 on the note, he would extend the time of payment on the note until October 1st, 1877; but that his father (George Busby, principal on aforesaid note) would have to pay him something for the extension, and that said witness reported the same to his father on the same day."

Mr. Doubleday testified on the same subject as follows:

"I am one of the firm of Hobart & Doubleday. The note in controversy was sent to us by Gammon & Deering for collection. I wrote to George Busby to come and pay the note. After it matured, his son William Busby came and asked an extension of time. I told him to tell his father that if he would pay $50 on the note and pay us for our trouble, I think I said one dollar, we would extend the time to October 1st, 1878. I think I gave an extension of three or four months. I received a letter inclosing $40 and an agreement to pay me for extending the time. I do not recollect whether I received the dollar for extending the time or not. Think not. On receipt of the $40, I wrote on a small slip of paper, (and attached the same to the note,) 'We have given until October 1st, 1876, on balance of this note.'"

This was all the evidence there was upon the question as to whether the plaintiffs made any agreement with Mr. Busby to extend the time of payment. There was evidence showing, or tending to show, that Hobart & Doubleday had authority from the plaintiffs to extend the time, but only upon con-

sideration that a portion of the note should be paid.   There was no testimony tending to show that the plaintiffs had any knowledge that Hobart & Doubleday had received, or were to receive, anything on their part for extending the time of payment, and it is clearly shown that the plaintiffs themselves *were not to receive* anything more than was already due upon the note.   Doubleday also testified that "the one dollar, if paid, was for us and for our trouble."   And the defendant Busby knew that the one dollar, or whatever consideration might be paid for the extension of the time, over and above what was paid on the note, was to go solely and exclusively to Hobart & Doubleday.   It was not a consideration to the plaintiffs for extending the time, but it was merely a consideration to Hobart & Doubleday for their time and trouble in doing the business.   Even if Busby and Hobart & Doubleday had come to the same understanding with reference to the extension of time, (and it does not appear that they did,) still, such understanding would not, under the circumstances, have amounted to a valid and binding agreement in law upon the plaintiffs to extend the time.   But as it does not appear from the evidence that Busby and Hobart & Doubleday came to the same understanding or agreement, clearly no valid contract was made for the extension of the time for the payment of the note.   It would seem from the evidence that Busby understood that the time for payment was to be extended until October 1, 1877, on consideration of the payment of $40 on the note, and payment of compensation to Hobart & Doubleday for their trouble.   Hobart & Doubleday understood that Busby was to pay $50 on the note and one dollar for their time and trouble, and that in consideration therefor, the time was to be extended until October 1, 1878.   But the time was not in fact extended even to October 1, 1877.   It was extended only to October 1, 1876; and it does not appear that Busby ever paid anything for the extension, except the payment of $40 on the note.   And the payment of this $40 was a payment of only a portion of what was then due on the note, and of what the plaintiffs were at that time entitled to

receive; for the whole note at that time, amounting to $165, and interest, was already due, and had been due for some months; and therefore such payment could not constitute a sufficient consideration for a new and valid agreement for the extension of the time for the payment of the note to some future period of time. (*Jenness v. Cutler*, 12 Kas. 500, 513.) And the one dollar, (even if paid,) could not be a consideration to the plaintiffs for extending the time, for they were not to receive the dollar, and did not know anything about it.

The judgment of the court below will be affirmed.

All the Justices concurring.