VERRAZANO SIMPSON *vs.* SAMUEL B. EVANS and wife.

November 1, 1890.

Promissory Note—Renewal—Usurious Interest — Consideration.—E. owed S. upon notes bearing 12 per cent. interest. Some years after they became due, these notes were taken up, and new ones given in their stead. The new notes were for an amount made up by taking what was actually due on the prior notes, and adding to it an amount arrived at by computing on the old notes compound interest at the rate of 18 per cent. per annum. *Held* that, to the extent of the excess of interest thus arrived at, the new notes, if not usurious, were without consideration.

Following *Daniels* v. *Wilson*, 21 Minn. 530, and distinguishing *Martin* v. *Lennon*, 19 Minn. 45, (67.)

**Same—Renewal at Lower Interest—Consideration.**—E. owed S. upon notes past due, bearing interest after due at the rate of 12 per cent. per annum. They agreed to extend the time of payment for one year, at 8 per cent. interest. *Held*, that E.'s agreement to forego his right to pay at any time, and to keep the money for a year at the rate specified, was a valid consideration for the extension of time, and S.'s promise to accept for its use the rate specified.

Appeal by plaintiff from an order of the district court for Olmsted county, *Start*, J., presiding, refusing a new trial after trial by the court, and decision made finding the amount due on the notes and mortgage in suit to be $1,890.66, and ordering judgment of foreclosure and sale.

*Gale & Brown*, for appellant.

*Davis, Kellogg & Severance*, for respondents.

GILFILLAN, C. J.    Action to foreclose a mortgage against real estate.    The facts, as found by the court below, are, substantially, that November 20, 1866, plaintiff loaned defendant $1,000, to secure the payment of which defendant executed to plaintiff his two promissory notes in the aggregate for $1,066, due in one year, with interest at the rate of 12 per cent. per annum till paid, and executed a mortgage upon the real estate.    Of the $1,066, $6 was for necessary expenses; $60 was a mere bonus, and as interest in excess of the 12 per cent. To the extent of the $60, the notes and mortgage were usurious. July 1, 1874, said notes and mortgage were taken up, and the defendant executed to the plaintiff four promissory notes for $600 each, due in one, two, three, and four years, respectively, with interest at the rate of 12 per cent. per annum, payable annually, and at the same rate, if not paid when due, after due, till paid; and, to secure them, executed the mortgage to foreclose which the suit is brought. In the amount of these notes was included a bonus to the amount, including the prior bonus of $60, of $751.55.    The amount of this bonus appears to have been arrived at by computing on the prior indebtedness, for a part of the time, compound interest at the rate of

18 per cent. per annum. February 16, 1882, it was, as the court finds, duly and mutually agreed between the parties that the rate of interest on the indebtedness should be reduced to 8 per cent. per annum for one year, and the evidence sustained this finding, if there was a valid consideration for it. In computing the amount due plaintiff on the notes and mortgage, the court excluded from the principal the $751.55 bonus, and, on the remainder, allowed as interest only 8 per cent. per annum from February 16, 1882. The exclusion of the $751.55, and the computing the interest at 8 instead of 12 per cent. since February 16, 1882, are alleged as error.

To the extent of the $751.55, there can be no question but that the notes and mortgage were without consideration, or were usurious. There was no pretence of any obligation on the part of defendant to pay it, or of right in plaintiff to claim it. There was no consideration for defendant's promise to pay it other than plaintiff's forbearance as to the remainder included in the notes, and, as the interest stipulated in the notes went to the limit then allowed by statute, the $751.55 was in excess of that limit, and therefore usurious, if the promise to pay it was in consideration of the forbearance; if not upon that consideration, then there was none for that amount of the notes and mortgage, and the result would be the same. In either case, the amount could not be recovered. The plaintiff refers to *Martin* v. *Lennon*, 19 Minn. 45, (67,) as similar to this case. In that case, the defendant took up his previous notes by giving new notes. The previous notes stipulated for interest after due at a greater rate than 7 per cent., there being then no statute allowing parties to stipulate a rate of interest after due. In calculating the amount due on the previous notes, for the purpose of giving the new notes, the parties followed the literal terms of the old notes. The court held the stipulation for interest after due in the old notes not void but voidable, that the defendant might waive his right to avoid the stipulation, and that he did so by giving new notes including the amount so stipulated. Here there was no stipulation, void or voidable, for compound interest at 18 per cent. The case is more nearly like *Daniels* v. *Wilson*, 21 Minn. 530, in which the court

held void, for want of consideration, a note given for interest, in the past, on an existing indebtedness above the amount legally accruing on it, to wit, 12 per cent.   In this case, had a separate note been given for the $751.55, the two cases would have been precisely analogous.

The court below treated the agreement of February 16, 1882, as an extension of the time of payment, or as, in effect, a renewal, and it seems conceded that, if the agreement was valid, such was its effect.   The only objection made here to the validity of the agreement is that it was without adequate consideration to support plaintiff's agreement to change the rate of interest from 12 to 8 per cent. The agreement is equivalent to one on the part of plaintiff to let defendant have the use of the money for one year at the specified rate of interest, and on the part of defendant to keep the money for that period, and pay that rate of interest.   The undertaking of defendant to keep the money for a year, and pay the interest, and forego for that period his right to pay the principal at any time, as, at the date of the agreement, he had a right to do, was a sufficient consideration for the undertaking on the part of plaintiff, to wit, to allow defendant to keep the money for that time, and to accept interest at the rate of 8 per cent. per annum for its use.   Had the parties, instead of agreeing upon an extension of the time for payment of the old note, taken that up and substituted a new one, due in one year at 8 per cent. interest, no one would question that there was a valid consideration on both sides for the new arrangement; yet the consideration would have been no other than there was for this extension.

Order affirmed.