## MAKER v. TAFT *et al.*

No. 2926.   Opinion Filed March 24, 1914.

(139 Pac. 970.)

**BILLS AND NOTES**—Extension—Consideration. In an action in replevin brought to secure the possession of property described in a chattel mortgage given to secure the payment of a promissory note, and where the defendants deny the unlawful detention of the property, and, in support thereof, set up in their answer that a payment had been made on said note after its maturity of a sum less than the interest then due, and a promise made by the creditor to extend the time of maturity of the note beyond the time of the commencement of the action, held, there was no consideration for such promised extension, and a demurrer to the answer on the ground that it failed to set out facts sufficient to constitute a defense was well taken, and should have been sustained.

(Syllabus by Galbraith, C.)

*Error from Superior Court, Custer County;*
*J. W. Lawter, Judge.*

Action in replevin by J. A. Maker against S. D. Taft, Mary Taft, and L. P. Taft. Judgment was for the defendants, and plaintiff brings error. Reversed.

*Andrew J. Welch,* for plaintiff in error.

*Phillips & Mills,* for defendants in error.

Opinion by GALBRAITH, C. This was an action in re-plevin commenced April 3, 1911, for the purpose of obtaining the possession of certain horses and cattle described in a chattel mortgage given for the purpose of securing a promissory note for $582. The note being past due, the mortgagee sought the possession of the property in order that he might foreclose the same. The order of replevin was issued, and the property seized and sold after posting notice the required time, and the proceeds of the sale applied in payment of the amount of the note and interest and costs, and a small balance of $36 remaining in the hands of the mortgagee was offered to the defendants, and by them refused. The defendants filed a joint answer to the peti-tion in replevin, in which they admitted the execution of the note and mortgage, but denied that they were unlawfully in the pos-session of the property at the time of the commencement of the suit, for the reason that the maturity of the note and mortgage had been extended for six months a short time prior to filing the suit, and specially pleaded that:

"On or about the ———— day of April, 1911, and before the beginning of this action, said defendants paid to the plaintiff the sum of $50 on said debt, and, as consideration therefor, the plain-tiff has promised and agreed with the defendants that said note and mortgage was extended for a period of six months from said ———— day of April, 1911."

To this answer the plaintiff demurred, on the ground that the same did not state facts sufficient to constitute a defense to the action. The demurrer was overruled and time given to plead. The issues were regularly formed later, and the cause sub-mitted to trial to the court and a jury, and a verdict returned for the defendants for the value of the property, fixed in the sum of $1,100, in case of the failure to return it, and $75 for un-lawful seizure of the same. To reverse this judgment, the plain-tiff has perfected an appeal to this court.

Since the filing of the appeal in this case, the death of the defendant in error Stephen D. Taft has been suggested, and by agreement said cause is revived in the name of his adminis-trator, Chas. W. Brewer, as one of the defendants in error.

The principal question raised on this appeal is as to whether or not the defendants' answer stated a defense. This question was raised, first, by the demurrer, and, again, by the objection to the introduction of testimony, and, again, by a demurrer to the evidence after the defendants had closed their case.

It appears that the note and mortgage bore date of April 11, 1910, and the note was due October 11, 1910, bearing interest at the rate of 10 per cent. from date, and that about April 1, 1911, the note being past due, and the amount of the interest then accrued amounting to $56.58, the defendants paid $50 on the debt, and claimed that the plaintiff agreed at that time, in consideration of that payment, that the maturity of the note should be extended until the following fall. In urging his demurrer, the plaintiff contended that this agreement, if made, was not binding for two reasons: First, because made without consideration; and, second, because, the note being a contract in writing, a verbal agreement to extend was invalid.

It is also contended that, in paying the $50 interest already due, the defendant was doing no more than she was already legally bound to do, and that therefore there was no consideration for the agreement to extend the payment of the note. In Anson on Contracts, 11 Eng. Ed. (2 Am. Ed.) 104, the test as to whether or not there is a consideration for a contract is stated as follows:

"(a) Did the promisee do, forbear, suffer or promise anything in respect of his promise? (b) Was his act, forbearance, sufferance or promise of any ascertainable value? (d) Was it more than he was already legally bound to do, forbear or suffer?"

This is a clear statement of the rule, and there is no doubt that the tests here laid down are the only proper ones, but the difficulty is in making the application. The authorities upon this proposition are in irreconcilable conflict, and it is for this court to decide which line of authorities to follow upon this proposition. In *Dudley v. Reynolds,* 1 Kan. 285, it was held that a parol agreement by the parties to a note made after its maturity that, if the maker would pay a certain sum thereof, which sum was then paid, the remaining sum should draw a rate

of interest less than that specified in the note, was without consideration, and not binding. In that case the note originally drew interest at the rate of 5 per cent. per month. Under the parol agreement, the maker of the note paid $175 after the whole note was due, upon an agreement that the remaining sum should draw interest at 2 per cent. per month thereafter. The court held that this agreement was without consideration and not binding upon the payee, and that he could recover the balance due, with interest at the rate of 5 per cent. per month.

In the case of *Jenness v. Cutler,* 12 Kan. 500, it was held, in a case where the question was as to whether or not a surety was discharged, where the creditor and principal debtor, after the debt had become due, made an agreement, without the knowledge or consent of the surety, that the time of the payment of the debt be extended for one year in consideration of a bonus to be paid by the debtor over and above the highest legal rate of interest, that the agreement for the extension was not binding, and that the surety was not discharged.

In the case of *Royal v. Lindsay,* 15 Kan. 591, it was held that a promise to pay interest monthly instead of annually was a sufficient consideration for the extension of a note, but Mr. Justice Brewer, in the course of the opinion, said:

"That a promise to pay interest for a definite period of time is a sufficient consideration for an agreement to extend for a like period the day of payment is affirmed by these authorities: *Wheat v. Kendall,* 6 N. H. 504; *Bailey v. Adams,* 10 N. H. 162; *Chute v. Pattee,* 37 Me. 102; *McComb v. Kittridge,* 14 Ohio, 348. It is denied in *Reynolds v. Ward,* 5 Wend. [N. Y.] 502; *Kellogg v. Olmsted,* 25 N. Y. 189; *Parmelee v. Thompson,* 45 N. Y. 58 [6 Am. Rep. 33] ; *Gibson v. Irby,* 17 Tex. 173; 2 Parsons on Notes and Bills, 528. It is perhaps not necessary that this question shall in this case be definitely decided, though we may say that the suggestions made in favor of the proposition by the court in the case from 14 Ohio seem to us of great force. We prefer to rest our decision upon what seems less doubtful grounds, viz., the promise to pay interest in a different manner from that prescribed in the note."

In *Prather v. Gammon,* 25 Kan. 379, which was an action involving the question for release of sureties, it was held that

the payment of $40 on a note after it became due, and the further sum of $1 to the officers of the bank in which the note was placed for collection, to pay them for their trouble in extending the note, and which was not to be received by the payee on the note, was no consideration for the extension of the note, and did not release the surety. In the course of the opinion, Mr. Justice Valentine said:

"It was extended only to October 1, 1876; and it does not appear that Busby ever paid anything for the extension, except the payment of $40 on the note. And the payment of this $40 was a payment of only a portion of what was then due on the note, and of what the plaintiffs were at that time entitled to receive; for the whole note at that time, amounting to $165, and interest, was already due, and had been due for some months; and therefore such payment could not constitute a sufficient consideration for a new and valid agreement for the extension of the time for the payment of the note to some future period of time. * * * And the $1 (even if paid) could not be a consideration to the plaintiffs for extending the time, for they were not to receive the dollar, and did not know anything about it."

In *Dare v. Hall,* 70 Ind. 545, it was held that, to release a surety on account of the extension of time to the principal, the extension must have been upon a new consideration, and that the payment of interest already due upon the note did not constitute such new consideration. It was also held that an agreement to continue the payment of interest at the same rate as specified in the note, or an agreement to provide paying interest at a reduced rate, created no new consideration for the extension of the note. To the same effect is the case of *Wilson v. Powers,* 130 Mass. 127; *Olmstead v. Latimer,* 158 N. Y. 313, 53 N. E. 5, 43 L. R. A. 685 (opinion by Alton B. Parker); *Kellogg v. Olmstead,* 25 N. Y. 189; *Sully v. Childress,* 106 Tenn. 109, 60 S. W. 499, 82 Am. St. Rep. 875; *Davis v. Stout,* 126 Ind. 12, 25 N. E. 862, 22 Am. St. Rep. 565.

There are authorities equally as strong upon the other side of this proposition. In the case of *Chute v. Pattee,* 37 Me. 105, the court said:

"The agreement of the principal to pay interest for a specified time after the note became due furnished a sufficient con-

sideration for the promise to delay. Both agreements were valid and binding upon the parties respectively, and enabled each to accomplish what he appears to have considered a desirable purpose."

In *McComb v. Kittridge,* 14 Ohio, 348, the court, in language referred to by Mr. Justice Brewer, in *Royal v. Lindsay,* 15 Kan. 591, said:

"It is just as competent for the principals to a note to extend the time of payment for a specified period as it was to fix the time of payment originally. If the lender of money, secured by a note, after the same becomes due, contracts with the borrower that the time of paying the same shall be extended for one year, or for any other period, upon consideration that the borrower shall pay the legal or less rate of interest, why is not that a binding contract? The lender, by this contract, secures to himself the interest on his money for the year; and the borrower precludes himself from getting rid of the payment of the interest by discharging the principal. It is a valuable right to have money placed at interest, and it is a valuable right to have the privilege, at any time, of getting rid of the payment of interest by discharging the principal. By this contract, the right to interest is secured for a given period, and the right to pay off the principal, and get rid of paying the interest is also relinquished for such period. Here, then, are all the elements of a binding contract. But it is said there is no consideration for the extension of time, because the law gives six per cent. after the note is due. But the law does not secure the payment of this interest for any given period, or prevent the discharge of the principal at any moment. There is precisely the same consideration for the extension of the time as there was for the original loan. The consideration of the loan, on the part of the borrower, is the payment of interest. If there was no law limiting the amount of interest, the parties might contract for any rate they pleased. A contract to forbear the collection of a debt for a specified period, in consideration of the payment of a rate of interest beyond what the law allows, is founded upon a valid consideration. This would never have been doubted at all, if the law had not fixed the rate for which collection could be had. But, by limiting the rate of interest, the law does not declare that such rate is not a valuable consideration, but, on the contrary, declares that such rate is so fully valuable, that it will not permit a higher rate for the use of money or forbearance."

*Wood v. Newkirk,* 15 Ohio St. 295. The same rule is laid down in the state of Texas. *Benson v. Phipps,* 87 Tex. 578, 29 S. W. 1061, 47 Am. St. Rep. 128. And in Minnesota. *Simpson v. Evans,* 44 Minn. 419, 46 N. W. 908. See *Faucett v. Freshwater,* 31 Ohio St. 637.

In the case of *Lorimer v. Fairchild,* 68 Kan. 328, 75 Pac. 124, the court held that a written extension agreement by which the maker of a note agreed to keep the loan for a certain period, and to pay the interest during such period, was a sufficient consideration for the extension of the loan. We are constrained to follow the line of decisions holding that the promised extension, if made as set out in the defendants' answer was without consideration and void. The entire debt at the time of this payment being past due, and the interest then accrued amounting to more than the amount paid, and defendants not having paid or agreed to pay any more than they were under obligation to pay at that time, and not having paid any greater rate of interest than was provided by the terms of the note and mortgage, there was not, in any aspect of the case, a consideration passing from the maker of the note to the payee sufficient to support the alleged promised extension, and for that reason the answer did not set out facts sufficient to constitute a defense and the demurrer thereto should have been sustained. The same objection, raised at the subsequent stages of the trial, was well taken, and the denial thereof was prejudicial error.

On account of these errors, the judgment appealed from should be reversed, and said cause remanded to the superior court of Custer county for further proceedings not inconsistent with the foregoing opinion.

By the Court: It is so ordered.