Goodwin *v.* Ray.

GOODWIN *v.* RAY.

(*Jackson.*     May 17, 1902.)

LIMITATIONS, STATUTE OF.  *Does not run between bailor and bailee until demand is made, when.*

The statute of limitations does not begin to run against the bailor, in favor of the bailee, until the former has made demand, where the bailor has deposited specific money to be kept by the bailee in a safe place for the bailor's benefit, without any right on the part of the bailee to use or convert same.

Code construed: § 4477 (S.); § 3477 (M. & V.); § 2780 (T. & S.).

Case cited: Moore *v.* Fitzpatrick, 7 Bax., 350.

---

FROM MADISON.

---

Appeal in error from Circuit Court of Madison County.   LEVI S. WOODS, J.

J. M. TROUTT for Goodwin.

C. G. BOND for Ray.

WILKES, J.   This is an action begun before a Justice of the Peace upon a writing in the following words and figures:

"Phœbe Goodwin, colored, has one hundred and twenty dollars in the safe for her benefit. February 20, 1888. This is all she has at this time.

"J. O. RAY."

Phœbe Goodwin died in 1901, and James Goodwin is her administrator. After his qualification as such administrator, he made demand of the defendant, Ray, for the money, and it being refused, suit was brought. Defendant claimed to have paid the amount to Phœbe Goodwin in her lifetime, but there is no evidence except his own testimony to that effect, and this was by the Court excluded.

In the Circuit Court the cause was tried before a jury. The trial Judge, among other things, charged: "I charge now that this paper created as between Ray and Phœbe Goodwin a bailment, and the defendant would have the money in his possession as a gratuitous bailee, and the said Phœbe Goodwin had the right at any time after thus depositing her money to go and demand it from the defendant, and the statute of limitations would commence running from the time she had the *right to demand* the money, and not from the *date of any demand* made by her or by the plaintiff, and no demand was necessary to put the statute of limitations in force," etc.

This is assigned as error. The learned Judge was no doubt guided in his action by the statute, Shannon's Code, § 4477, which is in these words:

" When a right exists but a demand is necessary

to entitle the party to an action, the limitation commences from the time the plaintiff's right to make the demand was completed, and not from the date of the demand."

Whatever may be the proper construction of this statute, and when the "right to make the demand may be completed" in the sense of the statute, we need not decide, as we are of opinion the statute does not apply to a case like this.

This is a special deposit of specific money made for the benefit of the depositor and as her property. No permission or authority is expressly or impliedly given to the bailee to use it. He is, when the money is received, a gratuitous bailee, holding the specific property in his safe for the benefit of the bailor. He does not in any sense become debtor of the bailor. If the money is lost without negligence on his part, there is no liability on him to replace it, but unless it is so lost his obligation is to return it on demand. Until demand made, no right of action accrues. *Moon* v. *Fitzpatrick*, 7 Bax., 350. Until such demand and refusal, the statute of limitations does not begin to run.

It is true there are many cases of bailment in which the statute does run and where no demand is necessary either to authorize suit or to put the statute in operation, as, for instance, when the bailment is for a definite time, or when the bailee converts the property, and this becomes known to the depositor, or when an adverse claim is set up by

Goodwin *v.* Ray.

the bailee and made known to the depositor, and other cases. In such cases the bailee puts himself in the attitude of converting the property and becoming debtor to the depositor, and the right of action accrues without demand. But in the present case the relation of creditor and debtor does not exist before demand made, and the statute does not apply, because of the nature of the transaction and the relative right and obligation of the parties.

The judgment of the Court below is reversed and cause remanded for a new trial. The appellee will pay costs of appeal.