JENKINS *v.* DEWAR  *et al.*

*(Jackson.*   April Term, 1904.)

1. **LIMITATIONS, STATUTE OF.** Begins to run against note payable on demand, when.

Where a note is payable on demand, the right to make such demand accrues at its date, and therefore under the statute providing that where a right exists but a demand is necessary to entitle the party to his action, the limitation appropriate to the action commences from the time the right to make the demand is complete, that is, from the date of the note.

Code cited and construed:   Sec. 4477 (S.); sec. 3477 (M. & V.); sec. 2780 (1858).

Case cited and distinguished:   Goodwin v. Ray, 108 Tenn., 614.

2. **CHANCERY PLEADING AND PRACTICE.** Facts necessary to avoid bar of statute of limitations, how pleaded. Both allegations and proof essential.

It is a well-settled rule of chancery practice in this State, since replications to answers were abolished that, where a statute of limitation which would ordinarily bar the action has run, any intervening fact relied upon to avoid the bar of the statute may be alleged in the original 'bill, or in an amendment, when made necessary by a defense set up in the answer, and without such allegation evidence of such fact is irrelevant and inadmissible for any purpose.

Cases cited and approved:   Gross v. Disney, 95 Tenn., 598; Sully v. Childress, 106 Tenn., 118; Gernt v. Cusack, 106 Tenn., 150; Thompson v. Railroad Co., 109 Tenn., 270.

Jenkins v. DeWar.

FROM SHELBY.

Appeal from the Chancery Court of Shelby County.— F. H. HEISKELL, Chancellor.

FLIPPIN & NEUHARDT and J. J. DUBOSE, for complainant.

COLLIER & COLLIER, for defendants.

MR. JUSTICE SHIELDS delivered the opinion of the Court.

Complainant filed his bill June 18, 1898, to recover upon a note made by defendant August, 1891, payable upon demand, which he states was first made in 1898. It contains no allegation of a promise of payment made subsequent to the date of the note.

The defendant, answering, pleaded the statute of limitations of six years. Complainant offered evidence to prove that demand for payment was first made in July, 1898, and that defendants then promised to pay the note.

We are of the opinion that, upon the pleadings and facts stated, the note is barred.

It was payable on demand, and the right to make demand accrued at its date—more than six years before

suit. Where a right exists, but a demand is necessary to entitle the party to his action, the statutes of limitation commence to run from the time the right to make the demand is complete. Code 1858, section 2780. (Shannon's Ed., section 4477). This is not in conflict with the case of *Goodwin* v. *Ray,* 108 Tenn., 614, 69 S. W., 730. It was decided on another question.

The bill contains no allegation that the defendants promised to pay the note within six years next before suit was brought and evidence of such a promise was irrelevant and inadmissible for any purpose.

It is a well-settled rule of chancery practice in this state since replications to answer were abolished that, where a statute of limitation which would ordinarily bar the action has run, any intervening fact relied upon to take the case out of it—such as disability of complainant, fraudulent concealment of cause of action, nonresidence of the defendant, or a promise to pay within the statute—must be alleged in the bill, and without such allegation evidence of it will not be heard. *Gross* v. *Disney,* 95 Tenn., 598, 32 S. W., 632; *Sully* v. *Childress,* 106 Tenn., 118, 60 S. W., 499.

This is in accordance with the rule that relief cannot be had on proof alone. *Gernt* v. *Cusack,* 106 Tenn., 150, 59 S. W., 335.

The rule that a demurrer will lie where it appears upon the face of the bill that the suit is barred by a statute of limitation (*Thompson* v. *Railroad Co.,* 109 Tenn., 270, 70 S. W. 612) is also conclusive of the ques-

Jenkins v. DeWar.

tion.    It is immaterial that the suit is upon the contract contained in the note, and that the statute only operates upon the remedy.

The facts which save the bar of the statute are material and necessary to maintain the suit upon demurrer, and they must, like all other material facts, be both alleged and proven.

When the fact relied upon is one which could have been pleaded in a replication, it may now be alleged in the original bill, or in an amendment, when made necessary by a defense set up in the answer.