W. M. MAYHEW *v.* L. H. FELTON'S ESTATE, P. J. FARRELL AND E. W. FOSTER, ADMRS.

May Term, 1916.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed October 10, 1916.

*Evidence—Breach of Contract—Statute of Limitations.*

Where the plaintiff sued to recover wages alleged to be due him and defendant's evidence tended to show that goods were furnished from his store to the plaintiff, it was competent for the plaintiff to show that his wife, who furnished board to the defendant and had charge of the household expenses, settled these transactions with the defendant, and also worked for the defendant in the store; because this showing rendered it less probable that the goods supplied covered the entire amount of the plaintiff's wages.

Where, in a contract of hiring, it was stipulated that one-half of the plaintiff's wages should be paid by the defendant weekly, and the other half withheld for an indefinite period, the defendant was not in default, and the statute of limitations did not begin to run, until payment of the wages so withheld was refused, upon demand. Until that time the contract was not breached, and no cause of action arose.

APPEAL from the finding and report of commissioners. Pleas, general issue, payment and statute of limitations. Replication, traversing the plea of payment, and alleging that the cause of action did accrue within six years and thirty days next before the death of the intestate. Trial by jury, September Term, 1915, Franklin County, *Butler*, J., presiding. Verdict

and judgment for the plaintiff. Defendant excepted. The opinion states the case.

*E. A. Ayers* and *F. L. Webster* for the defendant.

*Elmer Johnson* for the plaintiff.

POWERS, J.   This is an appeal from the award of commissioners, and the plaintiff seeks to recover wages alleged to be due him for services in and about the decedent's store at Highgate Springs. The plaintiff entered the employ of L. H. Felton, hereinafter spoken of as the defendant, in 1895, and continued in the service until the latter's death in January, 1914. His evidence tended to show that by the contract he was to receive wages at the rate of ten dollars per week, one-half of which was to be paid to him and the other half was to be held by the defendant as a savings fund for the plaintiff's old age. The evidence of the plaintiff further tended to show that he received one-half of his wages from time to time during his term of service, but that he had never received the one-half so left with the defendant nor any part of it, and that he and the defendant had never settled that part of their account.

It appeared that the defendant lived and boarded with the plaintiff during this time, and that groceries and provisions were supplied to the plaintiff from the defendant's store; that no account (except for a short time at first) of these goods was kept at the store, but the plaintiff's wife kept an account of these goods, and she and the defendant made frequent settlement of this account, in which settlements one-half of the plaintiff's wages were included. Subject to exception, the plaintiff was allowed to show that his wife worked in the store occasionally, selling goods and taking inventory, though it did not appear whether or not she was paid for this service, or if paid, how she was paid.

The defendant's evidence tended to show that the amount of goods furnished the plaintiff from the store was eight or ten dollars per week, and it was the obvious theory of the defence that an inference should be drawn from this fact that the plaintiff's wages were fully covered by the settlements with Mrs. Mayhew. To meet this, it was competent for the plaintiff to show, as he did, that Mrs. Mayhew had charge of the household

expenses, had the board money and settled these transactions with the defendant; and in connection therewith it was competent to show that Mrs. Mayhew worked for the defendant from time to time since she would be thereby entitled to wages which would naturally go into these settlements, since this showing would render it less probable that the goods supplied covered the entire amount of the plaintiff's wages.

The case was tried below on a plea of the statute of limitations, and proceeded on the theory that the sufficiency of this defence depended on the question whether the settlements between Mrs. Mayhew and the defendant, and the payment or allowance therein of one-half of the plaintiff's wages amounted in law to a general or special payment on his account. But in our view of the case, this question is wholly unimportant. By the very terms of the contract, one-half the wages was not to be paid weekly, or at any other stated time, but was to be held for an indefinite and unnamed period. As long as this arrangement continued, withholding one-half the wages was in harmony with the contract and the defendant was not in default. The statute of limitations does not begin to run until the contract is breached, because it is not until then that a cause of action arises. 3 Page Cont. §1649. Suit could not have been brought on this contract until demand and refusal, or other default on the part of the defendant. In this respect, the case is just what it would have been if the plaintiff had received all of his wages, week by week, and immediately deposited one-half of the same with a third person as a fund; in which case no action could be brought against the depositary until after demand. *Goodwin* v. *Ray,* 108 Tenn. 614, 69 S. W. 730, 91 Am. St. Rep. 761; *Rucker* v. *Maddox,* 114 Ga. 899, 41 S. E. 68; note to *Koelzer* v. *Bank,* 4 Ann. Cas. 1146; *Smith* v. *Franklin,* 61 Vt. 385, 17 Atl. 838; *Waldron* v. *Alexander,* 35 Ill. App. 319.

The case last cited is, as to its facts, essentially like the case before us.

*Judgment affirmed.*