Todd *v.* Third Nat. Bank.

(*Nashville,* December Term, 1937.)

Opinion filed March 5, 1938.

CURRELL VANCE and FYKE FARMER, both of Nashville, for appellant.

JOHN M. CATE and JOHN C. SANDIDGE, both of Nashville, for appellee.

MR. JUSTICE COOK delivered the opinion of the Court.

The bill was filed against the defendant as administrator of the W. G. McAdams estate to recover upon a note which reads:

"$2,000.00                    Nashville, Tennessee,
                              "January 10, 1925.

"On demand, for value received, I promise to pay to Donald Todd, or order, Two Thousand & 00/100 Dollars without interest for one year from date hereof, after which time this note shall bear interest at the rate of 4% per annum. And I hereby charge my estate with the payment of this note.

                              "W. G. McAdams."

The defendant, by demurrer to the bill, interposed the defense of the statute of limitations of six years. Code 1932, section 8600. The chancellor sustained the demurrer and complainant appealed.

■ ■ Notes payable on demand are due from their date and the statute of limitations begins to run when the right to demand payment is complete. Code, section 8604; *Jenkins* v. *DeWar,* 112 Tenn., 684, 82 S. W., 470. Admitting the general rule to be as stated in the foregoing proposition, complainant insists that circumstances surrounding execution and delivery of the note, together with the provision for interest and the provision that the note is charged to the maker's estate, postponed maturity until the maker's death, or at least authorized the payee to wait until the maker's death to demand payment.

■ The terms of the note cannot be varied by oral proof, hence no legal conclusion can be rested upon statements of the bill that would vary its provisions. *Searcy* v. *Brandon,* 167 Tenn., 218, 68 S. W. (2d), 112. So the inquiry is limited to the note itself. The provision for payment of interest is relied on to postpone maturity until demand and there are cases to support the contention; among them *Shapleigh Hardware Co.* v. *Spiro,* 44 A. L. R., 397, note; *Baxter* v. *Beckwith,* 25 Colo. App., 322, 137 P., 901; and *Jameson* v. *Jameson,* 72 Mo., 640. But the decisions in these cases appear to be based upon the inference that provisions of the notes and the circumstances under which they were executed disclose the intent that maturity should date only from a demand for payment. But such inference could not be drawn from the provisions of the note before us because it would be contrary to Negotiable Instruments Law, Code,

section 7331, defining demand notes, and Code, section 8604, which expressly provides that the statute of limitations shall run from the time of the right to demand payment. As said in *Jenkins* v. *DeWar, supra,* the statute runs from the time the right to make the demand is complete, and *Goodwin* v. *Ray,* 108 Tenn., 614, 69 S. W., 730, 91 Am. St. Rep., 761, distinguishable upon its facts, is not applicable to the facts of this case.

■ ■ The weight of authority is that a note payable on demand is due immediately, so that the action may be brought at any time; and a note is none the less payable on demand when it provides for interest, whether from date or after a specified time. 8 C. J., Bills and Notes, sections 599, 602; 17 R. C. L., 770; 44 A. L. R., 399, note. Cases to the contrary are generally rested upon circumstances and provisions of the note held sufficient to indicate the necessity of demand in order to fix the date of maturity.

■ ■ The statement in the note that the maker charged his estate with its payment is relied on to avoid the general rulé. That provision cannot be held to postpone maturity of the note, made payable on demand, until the maker's death. The payee could have sued, without making demand, on any day after the note was delivered to him and the time when he could have sued fixes the date from which the statute of limitations would run.

We find no error in the decree of the chancellor.

Affirmed.