HAMILTON NAT. BANK *v.* McCANLESS, COMMISSIONER OF FINANCE AND TAXATION.

(*Knoxville*, September Term, 1940.)

Opinion filed November 23, 1940.

GREEN, WEBB, BASS & McCAMPBELL, of Knoxville, for plaintiff in error.

ROY H. BEELER, Attorney-General, and W. F. BARRY and HARRY PHILLIPS, Assistant Attorneys-General, for defendant in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

The Hamilton National Bank, as administrator of the estate of J. A. Frazier, instituted this suit to recover $16.67 collected under the Hall Income Tax Law, Laws 1931, Ex. Sess., chap. 20, and paid by plaintiff under protest.

The question for decision is this: When a note executed for a period of more than six months becomes past due, is the interest accruing thereon after maturity subject to taxation?

The trial court answered this question in the affirmative by sustaining the demurrer of defendant to the declaration and dismissing the suit.

It is the theory of plaintiff that at maturity a note becomes a demand note and the interest accruing thereon is exempt from taxation just as though the note

were originally executed as a demand note or as ordinary commercial paper maturing six months or less from date of issuance. The fallacy of this contention lies in the assumption that such an instrument is a demand note, while, in fact, it is a past-due note.

Section 7331 of the Code provides:

"An instrument is payable on demand:

"(1) Where it is expressed to be payable on demand, or at sight, or on presentation; or

"(2) In which no time for payment is expressed."

The note in question was executed on January 15, 1932, and was payable three years after date. A demand note is negotiable (Code, section 7325), while a past-due note is not negotiable. *First Nat. Bank* v. *Russell,* 124 Tenn., 618, 139 S. W., 734, Ann. Cas., 1913A, 203; 10 C. J. S., Bills & Notes, 795, section 311; 8 Am. Jur. 100.

Under Section 8600 of the Code the Statute of Limitations on a past-due note runs from the date of maturity. On a demand note the Statute of Limitations runs from the date of its execution. *Todd* v. *Third National Bank,* 172 Tenn., 586, 113 S. W. (2d), 740.

The mere fact that payment may be demanded on a past-due note does not make it a demand note.

The Hall Income Tax is imposed upon income from all interest-bearing obligations maturing more than six months from the date of issuance. *Hedges* v. *Shipp,* 166 Tenn., 451, 455, 62 S. W. (2d), 49.

Executors and administrators are subject to this tax. *Union Planters National Bank & Trust Co.* v. *Beeler,* 172 Tenn., 317, 112 S. W. (2d), 11.

The exceptions are "ordinary commercial paper, trade acceptance, etc., maturing in six (6) months or less from the date of issuance." Code 1123.3.

A note maturing more than six months after execution does not fall into the statutory exemption when not renewed at maturity; a past-due note does not become a short term loan employed in merchandising, manufacturing and trade, or come within the legislative classification. *Shields* v. *Williams,* 159 Tenn., 349, 367, 19 S. W. (2d), 261.

An express exemption in a taxing statute will be construed to exclude all other exemptions. *National Life & Accident Ins. Co.* v. *Dempster,* 168 Tenn., 446, 79 S. W. (2d), 564; *Sheely* v. *McLemore,* 153 Tenn., 498, 284 S. W., 61; *Turner* v. *Eslick,* 146 Tenn., 236, 240 S. W., 786; *Burns v. City of Nashville,* 132 Tenn., 429, 178 S. W., 1053; Lewis' Sutherland on Statutory Construction, Section 494.

In a suit against the State by a taxpayer claiming exemption from taxation, the taxing statute is construed strictly against the taxpayer. The burden is upon the taxpayer to establish his exemption. The presumption is against the exemption, and exemption from taxation will not be read into a taxing statute by implication. *Sealed Power Corporation* v. *Stokes,* 174 Tenn., 493, 127 S. W. (2d), 114; *Nashville Tobacco Works* v. *City of Nashville,* 149 Tenn., 551, 260 S. W., 449; *Knoxville & O. Railroad Co.* v. *Harris,* 99 Tenn., 684, 43 S. W., 115, 53 L. R. A., 921.

A construction of the Hall Income Tax Law as contended by counsel for complainant would effectuate an absurd result. *Anderson* v. *Security Mills,* 175 Tenn., 197, 133 S. W. (2d), 478; *Turner* v. *Eslick, supra; West* v. *State,* 140 Tenn., 358, 204 S. W., 994; *Hall* v. *State,* 124 Tenn., 235, 137 S. W., 500. Under such a construction any holder of a note could avoid payment of the tax by the simple expedient of not requiring the renewal thereof

until necessary to avoid the bar of the six-year Statute of Limitations.

No satisfactory reason occurs to us as to why such income should be exempt from taxation. In our opinion the Legislature never had the remotest idea of exempting such income, and in construing statutes this court must give effect to the legislative intent, which is fundamental and paramount.

We find no error in the judgment of the trial court and it is affirmed with costs.