# IN RE A-1 LIQUOR DISTRIBUTORS, INC.—269 S. W. (2d) 785.

Middle Section.  October 30, 1953.

Rehearing denied, December 4, 1953.

Petition for Certiorari denied by Supreme Court, April 16, 1954.

Rehearing denied, May 24, 1954.

662

Walker, Hooker, Keeble, Dodson & Harris of Nashville, for petitioner.

Alfred B. Huddleston, of Murfreesboro, John D. Templeton, of Shelbyville, for City of Murfreesboro.

HICKERSON, J.   A-1 Liquor Distributors, Inc., herein called A-1, prosecutes this appeal to review the judgment of the Circuit Court of Rutherford County whereby it was ordered that one hundred cases of whiskey, owned by A-1, ''be and the same are hereby condemned and

forfeited; that George Sharpe, Sheriff of Rutherford County, Tennessee, in accordance with the provisions of Section 11232 of the Supplement to the Code of Tennessee, forthwith proceed to dispose of said whiskey by sale thereof to any lawful retailer of liquor in counties wherein the sale of liquor has been legalized, getting the best price therefor obtainable."

Two determinative questions are presented by the assignments:

1. Did the trial court err in holding that A-1 was unlawfully transporting the whiskey in question in Murfreesboro, Rutherford County, Tennessee?

2. Did the trial court err in ordering the whiskey confiscated and sold, "in accordance with the provisions of Section 11232 of the Supplement of the Code of Tennessee * * * getting the best price therefor obtainable"?

(1) There is no dispute about the material facts. A-1 is a qualified wholesale liquor dealer in Nashville, Tennessee. Chattanooga Wholesale Company is a wholesale liquor dealer in Chattanooga, Tennessee. A-1 bought one hundred cases of whiskey from Chattanooga Wholesale Company. The liquor was being transported from Chattanooga to Nashville in a truck owned and operated by A-1. When this truck load of liquor entered the corporate limits of Murfreesboro it was seized by the officers, and the driver of the truck was arrested for unlawful transportation of this liquor. Similar transactions and transportation of liquor had been approved by the Department of Finance and Taxation of the State of Tennessee. This Department is charged with the statutory duty of enforcing the laws which related to the handling of liquor in Tennessee. Rutherford County is a "dry county" under the statutes of Tennessee.

A-1 filed a petition in the Circuit Court of Rutherford County seeking to recover this liquor. A-1 was the owner of the liquor.

The trial judge held A-1 was unlawfully transporting this whiskey and ordered the same be confiscated. As stated, A-1 prosecuted this appeal to review that judgment of the Circuit Court which was adverse to it.

The following statutes are involved in the consideration of these questions:

Code Section 11217:

"Transportation into, or from place to place, in this state, is unlawful.—It shall be unlawful for any express company, railroad company, or any common carrier or person to ship or transport into this state, or from one place to another within this state, intoxicating liquors, including wine, ale, beer, for any person, whether in original packages or otherwise and whether intended for personal use or otherwise; provided that if the intoxicating liquor so shipped or transported be in the quantity of one gallon or more, such shipment or transportation shall be a felony, punishable by confinement in the penitentiary for a term of not less than one year and one day nor more than five years; provided, that if the offender be a corporation, it shall be fined one thousand dollars for the first offense and two thousand dollars for each subsequent offense."

Code Section 11218:

"Such personal transportation is unlawful.—It shall be unlawful for any person personally to transport into this state, or from one point to another within this state, for personal use or for any other purpose, intoxicating liquors, including wine, ale and beer, in any quantity whatever; provided that if

the intoxicating liquor so transported shall be in the quantity of one gallon or more, the offense shall be a felony punishable by imprisonment in the penitentiary for a term of not less than one year and one day and not more than five years.''

Supplement to Code of Tennessee 1950, Section 6648.9:

''Laws applicable to dry counties; transportation through same.—In the several counties in which no local option election is held, or, if held, a majority of votes cast therein are against local option, then as to that county nothing in this chapter shall be so construed as to modify in any respect the statutes now in force relating to the manufacture, sale, transportation, or possession of intoxicating liquors, but the same shall remain in full force and effect.

''Provided, it shall be lawful to transport alcoholic beverages through such counties in which no local option election is held, or if the election is held and the majority of votes cast therein are against local option, if, in either such case, such beverages are in sealed bottles or containers, and are moving from a duly licensed manufacturer to a licensed wholesaler, or from a wholesaler to a licensed retailer, and such shipment is accompanied by a bill of lading or other instrument in writing showing the destination of such alcoholic beverages.''

Supplement to Code of Tennessee 1950, Section 6648.-15(1):

''General regulations as to purchase and sale.— (1) No retailer shall purchase any alcoholic beverages from anyone other than a licensed wholesaler, nor shall any wholesaler sell any alcoholic beverages to any one other than a licensed retailer.''

In Evans v. Pearson, 193 Tenn. 528, 246 S.W. (2d) 964, 966, the Court said:

"In the control of liquor, it has been found expedient not only to control the use of intoxicating liquor but more expressly the traffic therein. Vol. 30, Am. Juris., 260.

\*   \*   \*   \*   \*   \*

"Not having complied with the provisions of the law pertaining to possession, and the search having been legally conducted, it results that the judgment of the lower court was erroneous. It is reversed and the property in question ordered confiscated by the Commissioner of Finance and Taxation according to the statute."

The general statutory law of Tennessee prevents the possession or transportation of liquor in dry counties. Code Sections 11217 and 11218.

Specific exceptions relating to the transportation of liquor in dry counties are made by the 1950 Code Supplement, Section 6648.9. By this statute liquor may be transported in dry counties when (1) it is in sealed bottles or containers; (2) the liquor is, "moving from a duly licensed manufacturer to a licensed wholesaler"; (3) the liquor is moving, "from a wholesaler to a licensed retailer"; and (4) "such shipment is accompanied by a bill of lading or other instrument in writing showing the destination of such alcoholic beverages."

Furthermore, the sale of liquor from one wholesaler to another wholesaler is expressly forbidden by 1950 Code Supplement, Section 6648.15(1) where it is said: "Nor shall any wholesaler sell any alcoholic beverages to any one other than a licensed retailer."

Under the express terms of these statutes A-1 was unlawfully in the possession of this liquor and was unlawfully transporting same unless we add by implication another exception to those exceptions expressly enumerated in the 1950 Code Supplement, Section 6648.9 to the effect that liquor purchased from one wholesaler by another wholesaler may be moved by the purchasing wholesaler through a dry county. If we should so construe 1950 Code Supplement, Section 6648.9, we would hold that one wholesaler could legally sell to another wholesaler when the 1950 Code Supplement, Section 6648.15 expressly provides that one wholesaler cannot legally sell to another wholesaler.

■ The rules of statutory construction forbid our adding an exception by implication to a general law which is not included in the specific statutory exceptions to such law. When the legislature enumerates specific exceptions to a general law, such specific exceptions will be construed to exclude all other exceptions. Hamilton National Bank v. McCanless, 176 Tenn. 570, 144 S. W. (2d) 768; Burns v. City of Nashville, 132 Tenn. 429, 178 S. W. 1053.

■ It is our conclusion that the Chattanooga Wholesale Company had no right to sell this whiskey to A-1. Wherefore, the possession of A-1 was an unlawful possession, and the trial court correctly dismissed the petition of A-1 and ordered the liquor confiscated pursuant to statute. The 1950 Supplement to the Code of Tennessee, Section 11232 provides:

"The court shall enter an order upon the minutes directing the sheriff to dispose of such liquor by sale to any lawful retailer of liquor in counties wherein the sale of liquor has been legalized, getting the best price therefor obtainable.

There is no merit in the contention of A-1 that the Court should interpret this statute as the Department of Finance and Taxation construed it. The statute needs no construction. Its terms are plain and simple and the meaning is perfectly clear. We do not understand that the Department of Finance and Taxation is authorized to promulgate rules in connection with the handling of liquor in Tennessee which are in direct conflict with the plain provisions of the statutes governing such matters.

(2) Complaint is made that the trial court ordered that the confiscated liquor be sold, "getting the best price therefor obtainable;" when the statute provides, "In no event shall liquor be sold at a price lower than the prevailing wholesale price at the time of sale." The 1950 Supplement to the Code, Section 11232.

There is no merit in this contention of petitioner for two reasons:

First, the final judgment of the court ordered the liquor sold, "in accordance with the provisions of Section 11232 of the Supplement to the Code of Tennessee." When so sold, respect must be had for the last sentence in the 1950 Supplement to the Code of Tennessee, Section 11232, quoted above.

Second, this same Code Section provides: "The court shall enter an order upon the minutes directing the sheriff to dispose of such liquor by sale to any lawful retailer of liquor in counties wherein the sale of liquor has been legalized, getting the best price therefor obtainable".

Taken as a whole, this Code Section means that confiscated liquor must be sold, "getting the best price therefor obtainable," but the liquor must not be, "sold at a price lower than the prevailing wholesale price at

the time of sale." That is exactly what we construe the final judgment of the trial court to mean.

Let the assignments of error be overruled, and the judgment of the trial court affirmed with all costs. Remand to enforce the judgment.

Felts and Howell, JJ., concur.

ON PETITION TO REHEAR.

HICKERSON, J.  A-1 asserts by petition to rehear that there were two errors of fact in the opinion of this Court which was filed on October 30, 1953:

1. This Court, "completely overlooked the admitted fact that every single share of stock issued by petitioner, A-1 Liquor Distributors, Inc., is owned by Chattanooga Wholesale Company."

2. That this Court erroneously held: "A-1 bought one hundred cases of whiskey from Chattanooga Wholesale Company."

(1)  A-1 Liquor Distributors, Inc., and Chattanooga Wholesale Company were separate, distinct corporations. The latter corporation owned all of the capital stock of the former corporation. Regardless of the ownership of the capital stock, these corporations were separate, legal entities. The ownership by Chattanooga Wholesale Company of all the capital stock of A-1 Liquor Distributors, Inc., would not make the transportation of the liquor in question from Chattanooga Wholesale Company to A-1 a lawful transportation under the statutes of this State. To make such transportation lawful, the courts would have to add by implication another exception to the general rule that liquor cannot be lawfully transported through dry counties. Under the authorities cited in our original opinion, such

construction of the statute by the courts would not be authorized. Specific statutory exceptions preclude exceptions by implication upon a construction of the statutes by the courts.

■ (2) By the petition to rehear, A-1 states the sending of the one hundred cases of whiskey in question, "simply amounted to a parent company sending certain goods to one of its subsidiaries upon being told by the subsidiary that it did not have these particular brands of whiskey in stock."

A-1 did not state whether the transaction was a gift, sale, or exchange. Being separate corporations, the books had to be kept separately. We think the inference is clear that A-1 did send Chattanooga Wholesale Company a check to cover the price of this liquor in question; although there is no direct proof on this question. The value of the liquor was seven or eight thousand dollars. So we reached the conclusion that, "in effect, the transaction was a sale."

However, the shipment would be unlawful if the transaction were an exchange, a gift, or a sale. There is no statutory exception to the general rule that liquor may not be transported in a dry county which would permit one wholesale corporation to send a shipment of liquor through a dry county to another wholesale corporation by way of exchange, gift, or sale. The fact that the shipping corporation owned all the capital stock of the receiving corporation would not make the shipment a lawful shipment.

The petition to rehear is denied.

Felts and Howell, JJ., concur.