J.M. SHACKLEFORD and Dorothy O. Shackleford, Plaintiffs-Appellees,

v.

Martha B. OLSEN, Commissioner of Revenue, for the State of Tennessee, Defendant-Appellant.

Supreme Court of Tennessee, at Knoxville.

Aug. 27, 1984.

**172**

J. Robert Walker, Asst. Atty. Gen., Nashville, for defendant-appellant; William M. Leech, Jr., Atty. Gen., Nashville, of counsel.

**1.** During the tax period involved here the statutes were numbered as T.C.A. §§ 67–2601

William C. Argabrite, Edwin O. Norris, Kingsport, for plaintiffs-appellees.

## OPINION

HARBISON, Justice.

Appellees brought this action to recover from the appellant Commissioner certain taxes paid under protest pursuant to the Hall Income Tax Law, T.C.A. §§ 67–2–101 to 121.[1] The amount in controversy is $459.58 representing taxes, penalty and interest assessed by the Commissioner upon interest income in the sum of $6,680.03 earned by the taxpayers upon nine instruments of indebtedness issued at various times between 1970 and 1979 by the Crown Enterprises, Incorporated. Appellee J.M. Shackleford is a retired employee of a corporation affiliated with that company. He has participated for several years in an employee investment program sponsored by Crown Enterprises, Incorporated. Under this program employees loan money to Crown Enterprises, Incorporated. In return they receive certain instruments of indebtedness which bear interest. It is interest earned and received by appellees under these instruments that is the subject of the tax in this case.

Each of the instruments involved contains the following language:

"For value received, the undersigned [Crown Enterprises, Incorporated] promises to pay to the order of .......... the sum of ................... dollars ($      ) payable thirty (30) days after receipt of written demand for payment thereof, together with interest from date hereof at the existing New York prime rate, as it varies from time to time, payable at maturity or on the last day of each calendar year, whichever is first to occur in point of time. Both principal and interest being payable at the office of the undersigned at Kingsport, Tennessee."

through 2633.

The statute imposing the tax is, in pertinent part, as follows:

"An income tax in the amount of six percent (6%) per annum ... shall be levied and collected on incomes derived by way of ... interest on bonds of each person ... who received, or to whom accrued, or to whom was credited during any year income from the sources above enumerated except as hereinafter provided." T.C.A. § 67–2–102(a).

The taxing statute defines the term "bond" as:

"... all obligations issued by any person, firm, joint-stock company, business trust or corporation organized and doing business under the laws of this state, or any other state, evidenced by an instrument whereby the obligor is bound to pay interest to the obligee regardless of whether the obligor is doing business in this state, or whether the obligation under the terms of which the interest accrues is a mortgage or lien on property located in this state or beyond the jurisdiction thereof." T.C.A. § 67–2–101(1)(A).

The statute provides, however, that a "bond" shall not include:

"Ordinary commercial paper, trade acceptance, etc., maturing in six (6) months or less from the date of issuance; ..." T.C.A. § 67–2–101(1)(B)(i).

Also exempted are "certificates of deposit." [2]

It is the insistence of appellees that the instruments of indebtedness here at issue fall within the exception quoted above; i.e., that these instruments are not taxable "bonds" but are commercial paper "maturing in six months or less from the date of issuance" and are, therefore, not taxable. In the alternative appellees insist that the instruments should be exempted as certificates of deposit.

Each of the parties filed motions for summary judgment. These were supported by affidavits and by answers to interrogatories. There was no disputed issue of fact, and after consideration of the issues the trial judge granted the motion of the taxpayers, holding that the instruments in question were ordinary commercial paper maturing within six months or less from the date of issue. We affirm.

■ We are not persuaded that the instruments should be exempted as certificates of deposit. The debtor is not shown to be a commercial bank or other financial institution engaged in the business of receiving funds of customers for deposit. During the years in question the statutes did not, in their definitions, explicitly restrict the term to instruments issued by such financial institutions, as was done by a later amendment, but we believe that this was clearly the legislative intention. There is insufficient development of the facts to justify a conclusion that the instruments fall into that exempt category.

The Commissioner, however, does not question the fact that the instruments are, on their face, negotiable promissory notes. There is no claim that they are not "ordinary commercial paper" such as usually pass in trade. The Commissioner denied the exemption solely upon the basis that the notes, by their terms, do not mature within six months or less from their date of issue.

■ It has long been settled in this state that ordinary demand notes are considered to mature on the date of issue, and that interest thereon is not taxable under the statutes in question. Interest on notes executed for a period of more than six months, however, is taxable, including interest accruing after maturity. *See Hamilton National Bank v. McCanless*, 176 Tenn. 570, 144 S.W.2d 768 (1940).

The notes in question were payable thirty days after written demand.

T.C.A. § 28–1–102 provides:

"When a right exists, but a demand is necessary to entitle the party to an ac-

---

**2.** This term was not defined in the statutes applicable to the tax period involved here. Later statutes refer to certificates of deposit issued by banks, savings and loan associations and credit unions. T.C.A. § 67–2–101(1)(B)(ii).

tion, the limitation commences from the time the plaintiff's right to make the demand was completed, and not from the date of the demand."

■ In the present case, the right to make a demand was unconditional and was complete upon execution of the instruments. It is shown by undisputed affidavits that there was no underlying agreement between the maker and the holders that demand would be withheld for any particular period of time or that there was any condition whatever upon the right to make demand at will. In the absence of a contrary intention of the parties, therefore, it appears that the statute of limitations would begin to run on the notes from the date of their execution.

Probably the leading case in this state is *Jenkins v. DeWar*, 112 Tenn. 684, 82 S.W. 470 (1904). There a demand note was executed in August 1891. Demand for payment was not made until July 1898. The Court held that the statute of limitations barred action upon the note, stating:

"It was payable on demand, and the right to make demand accrued at its date—more than six years before suit." 112 Tenn. at 685-86, 82 S.W. at 470.

This rule was followed in *Todd v. Third National Bank*, 172 Tenn. 586, 113 S.W.2d 740 (1938). There a note was executed on January 10, 1925. It was payable on demand, but was not to bear interest for one year from date. Thereafter it was to bear interest at four percent, and the note expressly charged the estate of the maker with payment. Suit was not brought within six years from the date of the note, and the Court held that the statute of limitations barred the action. Neither the provisions regarding interest nor the charge upon the maker's estate were held to postpone maturity.

Although there is some contrary authority, there are numerous cases holding that a provision for payment thirty days after demand does not alter the character of an instrument from a demand note to a time instrument. It is frequently held that the provision for payment within a specified

time after demand is inserted in order to give the debtor a reasonable time to make arrangements to pay a debt which has already become due because of its demand nature. *See generally Environics, Inc. v. Pratt*, 50 App.Div.2d 552, 376 N.Y.S.2d 510 (1975); *Shields v. Prendergast*, 36 N.C. App. 633, 244 S.E.2d 475 (1978).

Based upon these cases and the provisions of T.C.A. § 28–1–102, we are of the opinion that the instruments in question are ordinary commercial paper maturing within six months and that interest thereon is not taxable.

Accordingly the judgment of the Chancellor is affirmed at the cost of appellant. The cause is remanded to the trial court for any further proceedings which may be necessary.

COOPER, C.J., and DROWOTA, J., concur;

BROCK and FONES, JJ., dissent.

BROCK, Justice, dissenting.

I dissent.

Each of the instruments of indebtedness here at issue contain the following language:

"For value received, the undersigned [Crown Enterprises, Incorporated] promises to pay to the order of _____ the sum of _____ dollars ($____) payable thirty (30) days after receipt of written demand for notice thereof, together with interest from date hereof at the existing New York prime rate, as it varies from time to time, payable at maturity or on the last day of each calendar year, whichever is first to occur in point of time. Both principal and interest being payable at the office of the undersigned at Kingsport, Tennessee."

The statute imposing the tax is, in pertinent part, as follows:

"An income tax in the amount of six per cent (6%) per annum ... shall be levied and collected on incomes derived ... by way of interest on bonds of each person

... who received, or to whom accrued, or to whom was credited during any year income from the sources above enumerated except as hereafter provided." T.C.A., § 67–2602.

The taxing statute, in its section defining terms, T.C.A., § 67–2601, in pertinent part, provides:

"The word 'bond' shall be held and construed to include all obligations issued by any person, firm, joint-stock company, business trust or corporation organized and doing business under the laws of this state, or any other state, evidenced by an instrument whereby the obligor is bound to pay interest to the obligee regardless of whether the obligor is doing business in this state, or whether the obligation under the terms of which the interest accrues is a mortgage or lien on property located in this state or beyond the jurisdiction thereof; provided that the word 'bond' shall not include ordinary commercial paper, trade acceptance, etc., maturing in six (6) months or less from the date of issuance, provided further that the word 'bond' shall not include certificates of deposit."

It is the insistence of the plaintiffs that the instruments of indebtedness here at issue fall within the exception contained in the proviso just quoted; i.e., that these instruments are not taxable "bonds" but are commercial paper "maturing in six months or less from the date of issuance" and are, therefore, not taxable.

The plaintiffs have the burden of establishing their right to the exemption claimed. *Hamilton Nat. Bank v. McCanless*, 176 Tenn. 570, 144 S.W.2d 768 (1940). In holding that the exception of "ordinary commercial paper ... maturing in six (6) months or less from the date of issuance," constituted an exemption from taxation in the *Hamilton Nat. Bank* case, this Court said:

"In a suit against the State by a taxpayer claiming exemption from taxation, the taxing statute is construed strictly against the taxpayer. The burden is upon the taxpayer to establish his exemption. The presumption is against his exemption, and exemption from taxation will not be read into a taxing statute by implication." (Citations omitted.) 176 Tenn. at 574, 144 S.W.2d at 769–70.

In considering whether one is entitled to a tax exemption, "... every presumption is against it and a well founded doubt is fatal to the claim." *Woods v. General Oils, Inc.*, Tenn., 558 S.W.2d 433, 435 (1977).

The correct decision of this controversy ultimately turns on whether these instruments of indebtedness are "ordinary commercial paper ... maturing in six (6) months or less from the date of issuance; ....." Moreover, the key word is "maturing."[1]

Ordinary demand notes are capable of maturing at any time after issuance even on the date of issue; but, an instrument payable a certain time after demand or notice does not mature until demand has been made or notice has been given and the specified time has thereafter expired. *Massie v. Byrd*, 87 Ala. 672, 6 So. 145 (1889); *Neale v. Morrow*, 150 Cal. 414, 88 P. 815 (1907).

This distinction between the maturing of ordinary demand notes and instruments made payable a certain time after demand made was recognized by this Court in *Todd v. Third Nat. Bank*, 172 Tenn. 586, 113 S.W.2d 740 (1938).

The instruments here in issue are made "... payable thirty (30) days after receipt of written demand for payment thereof, together with interest from date thereof at the existing New York prime rate, as it varies from time to time, payable at maturity or on the last day of each calendar year, whichever is first to occur in point of time."

Obviously, these instruments are not ordinary demand notes but are of the second

---

1. "Maturing" is the present participle used "to express present action in relation to the time indicated by the finite verb...." *The American Heritage Dictionary of the English Language* at 1036.

type above mentioned, that is, instruments made payable a certain time after demand or notice has been made. Clearly then, under the rule stated in 10 C.J.S. *Bills and Notes* § 248 (1938), these instruments do not mature until thirty (30) days after receipt by the maker of written demand for payment thereof.

Demand for payment was not made on any of the instruments here in question within six months or less from the date of their issuance and, therefore, they were not in the category of "ordinary commercial paper ... maturing six (6) months or less from the date of issuance ..." contemplated by this taxing statute. It follows that the interest in question was earned on "bonds" within the meaning of the income tax statute and was taxable accordingly. To construe the legislative intent as insisted by the plaintiff and held by the majority would require that the language of the exception in T.C.A., § 67–2601, be changed to read "... *capable* of maturing in six (6) months or less from date of issuance...." I interpret the statute to exempt from taxation only such instruments as have *in fact* matured within six months or less from the date of their issuance. I think that such is clearly the legislative intent. None of the instruments here at issue meet that test, some were outstanding for as long as ten years; accordingly, they are not exempt. The majority opinion opens up a huge "loop-hole" for evasion of the income tax.

I would reverse and dismiss the complaint.

I am authorized to state that Mr. Justice FONES concurs in this dissent.