**TIBBALS FLOORING CO.,**
**Plaintiff-Appellee,**

v.

**Martha B. OLSEN, Commissioner of Revenue, State of Tennessee, Defendant-Appellant.**

Supreme Court of Tennessee, at Knoxville.

Aug. 12, 1985.

Rehearing Denied Oct. 15, 1985.

Ernest A. Petroff, Ralph E. Tallant, Jr., Huntsville, for plaintiff-appellee; Baker, Worthington, Crossley, Stansberry & Woolf, Huntsville, of counsel.

J. Robert Walker, Asst. Atty. Gen., Nashville, for defendant-appellant; W.J. Michael Cody, Atty. Gen., Nashville, of counsel.

## OPINION

BROCK, Justice.

The plaintiff, Tibbals Flooring Company, paid sales taxes at the full rate on the cost of materials and labor employed in constructing a "pre-dryer," an air filter and some "dust collectors" as integral parts of its parquet manufacturing plant at Oneida, Tennessee. It paid these taxes under protest and brought this action against the Commissioner to recover back a substantial portion of the payment on the theory that the pre-dryer, the air filter and the dust collectors constituted "industrial machinery" as defined in T.C.A., Section 67–6–102(8), which provides that such industrial machinery shall be taxed at a preferential rate of only 1%. The applicable statutory language defines industrial machinery as follows:

> "... Machinery, including repair parts and any necessary repair or taxable installation labor therefor, which is directly and primarily utilized in fabricating or processing tangible personal property for resale, or equipment primarily used for air pollution control or stream pollution control, where the use of such machinery or equipment is by one who engages in such fabrication or processing as his principal business either within or without this state...."

T.C.A., Section 67–6–102(8).

The Chancellor held that all three disputed items came within the definition of industrial machinery and, accordingly, awarded to the plaintiff a judgment of $19,-184.34 with interest. This appeal resulted.

It appears that the Commissioner now concedes that the air filter falls within the statutory definition and is exempt from the higher rate of sales tax; thus presented for

our decision is whether or not the pre-dryer and the dust collectors are likewise exempt.

The plaintiff manufactures parquet flooring in facilities located at Oneida, Tennessee, producing the flooring from raw lumber purchased from surrounding sawmills. The lumber is first dried to reduce its moisture content in a pre-dryer consisting of a prefabricated metal building of approximately 20,000 square ft. in which fans circulate warm air through the lumber to reduce its moisture content. This structure contains heating coils and approximately 80 fans used for the drying. The hot moist air escapes through vents in the roof. When the drying process is completed the lumber is cut into slats and assembled into six-inch squares and is then finished. The squares are then assembled into twelve-inch panels for shipment and sale.

The plaintiff's manufacturing process generates a considerable amount of sawdust and other wood waste material which prior to 1976 was destroyed by burning or dumping into waste pits. This method resulted in the plaintiff being cited for air and water pollution by the State and Federal regulatory authorities. In an effort to comply with the pollution regulations the plaintiff, in 1976 and 1977, developed a pollution control system that consisted of two principal components, an air filter and dust collectors. The air filter separates the sawdust from the air inside the plant and returns the purified air to the plant. The removed dust is then carried through duct work to the dust collectors which are large cylindrical concrete structures with metal cyclones on top. These dust collectors act as temporary holding or storage bins until the dust is fed into boilers where it is burned to produce steam.[1]

The Commissioner argues that the pre-dryer and dust collectors are not machinery or equipment for air pollution control within the meaning of the above quoted statutory language and, therefore, that the plaintiff is not entitled to the lower 1% tax rate.

The statute reducing the tax rate for industrial machinery is a partial exemption, so that, "every presumption is against it and a well-founded doubt is fatal to the claim." *Woods v. General Oils, Inc.,* Tenn., 558 S.W.2d 433 (1977); *Hamilton National Bank v. McCanless,* 176 Tenn. 570, 144 S.W.2d 768 (1940). And, the meaning of the legislature "is to be ascertained primarily from the natural and ordinary meaning of the language used, when read in the context of the entire statute, without any forced or subtle construction to limit or extend the import of the language." *Worrall v. Kroger Co.,* Tenn., 545 S.W.2d 736, 738 (1977). According to Webster's *Third New International Dictionary* (1976) the word "machinery" means "machines as a functioning unit"; and "equipment" is "the physical resources serving to equip a person [such as] the implements (as machinery or tools) used in an operation or activity ... all the fixed assets other than land and buildings of a business enterprise."

■ The lumber pre-dryer here at issue is a large building in which lumber is stacked in order to reduce its moisture content. The pre-dryer contains certain mechanical appurtenances but the predominant characteristic of it is that it is a structure rather than "machinery" as commonly understood. We hold that it is not "industrial machinery" within the meaning of the statute hereinabove quoted. The taxpayer is not entitled to the 1% rate with respect to this item.

■ We conclude also that the "dust collectors" do not qualify as "industrial machinery" nor as "equipment primarily used for air pollution control...." Giving language its ordinary connotation, these "dust collectors" are no more machinery than was the storage tank in *Woods v. General Oils, Inc., supra.*

We conclude that these dust collectors are neither machinery nor equipment utilized for air pollution control; instead, they

**1.** The tax classification of the boilers is not in     dispute in this action.

are structures utilized primarily for temporary storage of sawdust before it is fed into furnaces for use in heating water to produce steam.

In our opinion the Chancellor erred in granting the partial exemption to the taxpayer respecting the lumber pre-dryer and dust collectors. In these respects the decree of the Chancery Court is reversed and this cause is remanded for any further proceedings that may be required. Costs incurred upon appeal are taxed against the appellee.

COOPER, C.J., and FONES, HARBISON and DROWOTA, JJ., concur.